AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>Dwight Anthony Blake<br><br><br>_____<br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)          6:25-mj- 2348<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____November 25, 2025_____ in the county of _____Orange_____ in the

____Middle____ District of ____Florida____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(2) | Illegal re-entry by deported alien. |

This criminal complaint is based on these facts:

See affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Lacey E. O'Neal, BPA, DHS
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    November 25, 2025

_____
*Judge's signature*

City and state:    _____

Robert M. Norway, U.S. Magistrate Judge
*Printed name and title*

STATE OF FLORIDA                  CASE NO. 6:25-mj- 2348

COUNTY OF ORANGE

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Lacey E. O'Neal, having been duly sworn, hereby make the following statement in support of a criminal complaint:

1.      I am a Border Patrol Agent ("BPA") with the United States Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), formerly known as the Immigration and Naturalization Service ("INS"). I have been employed since September 7, 2003. I am currently assigned to the Orlando, Florida, Border Patrol Station. In my capacity as a Border Patrol Agent, I am charged with the enforcement of Titles 8, 18, 19, and 21 of the United States Code. I am a federal law enforcement agent with the authority to execute arrest and search warrants under the authority of the United States.

2.      The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth

only those facts I believe are necessary to establish probable cause that the below-listed individual committed a violation of 8 U.S.C. § 1326(a) and (b)(2), illegal reentry by a previously removed alien.

3.    On November 22, 2025, Immigration and Customs Enforcement ("ICE") encountered the defendant, Dwight Anthony BLAKE, at the Orange County Jail in Orlando, Florida,[1] after BLAKE was arrested and charged with Resisting Officer without Violence and Indecent Exposure. ICE conducted a records check on BLAKE and discovered that BLAKE is present in the United States illegally. ICE lodged Form I-247A, Immigration Detainer – Notice of Action with Orange County Jail, pending BLAKE's satisfaction of state charges or a bond.

4.    On November 24, 2025, ICE contacted the Orlando Border Patrol Station for assistance with BLAKE. ICE was informed that BLAKE was ready to be released from the Orange County Jail, and ICE asked if BPAs would be willing to receive BLAKE. BPAs agreed, and on November 25, 2025, BPAs responded to the Orange County Jail to interview BLAKE. At the jail, a BPA questioned BLAKE as to his citizenship, and BLAKE confirmed that he is a Jamaican citizen that has illegally entered the United States. A BPA conducted a more thorough records check on BLAKE and

---

[1] Orlando is in Orange County, within the Middle District of Florida.

2

discovered that he has an Alien File Number (A XXX XXX 592), which contains his immigration history. The BPA placed BLAKE under arrest and transported him to the Orlando Border Patrol Station for fingerprinting and further processing. At the station, agents conducted a fingerprint comparison to BLAKE's known fingerprints from his alien file. On November 25, 2025, the database indicated a match of the fingerprints.

5.    Documents in the alien file also show that BLAKE has been previously ordered deported/removed from the United States to Jamaica by an Immigration Judge on January 11, 2022. On March 3, 2022, BLAKE was physically removed from the United States to Jamaica through Alexandria, Louisiana.

6.    The records check also revealed that BLAKE has a felony conviction in New York for Assault: Intent to Cause Physical Injury with Weapon. BLAKE also has a felony conviction in Florida for Possession of Methamphetamine with Intent to Sell/Deliver.

7.    There is no record of BLAKE ever receiving the consent of the Attorney General of the United States or the U.S. Secretary of the Department of Homeland Security for permission to reapply for admission to the United States after BLAKE's prior deportation/removal.

8.    Based on the foregoing, I believe that there is probable cause that on November 25, 2025, BLAKE was found to be in the United States voluntarily after being previously deported and removed from the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2).

This concludes my Affidavit.

_____
Lacey E. O'Neal,
Border Patrol Agent

Sworn to and signed in my presence
this 25th day of November, 2025.

_____
HON. ROBERT M. NORWAY
United States Magistrate Judge